## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VAL VERDE VEGETABLE CO., INC.,

       Plaintiff,

vs.                                                             CIV. No. 98-0680 BB/DJS

SANTA FE PRODUCE CO. and
ALLEN GOLDSTEIN,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court for consideration of the Court's continuing jurisdiction over this matter, as well as Plaintiff's June 4, 1999 motion to sever (Doc. 16). On July 16, 1998, the parties were ordered to brief the effect of Santa Fe Produce Company's ("Santa Fe") impending bankruptcy upon this Court's jurisdiction. Due to an administrative error caused by the subsequent receipt of a notice that Santa Fe had actually filed for bankruptcy, resolution of the jurisdictional issue has been delayed. Now, the Court has reviewed the parties' submissions and the relevant law, both with respect to the jurisdictional issue and the request for severance. For the reasons set forth below, the Court determines that this matter should proceed in bankruptcy court, both as to Defendant Santa Fe and as to Defendant Goldstein. Therefore, this case will be referred to that court for resolution.

       This case involves the federal Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. Section 499. Santa Fe is a dealer as defined under that statute, and Plaintiff is a supplier or seller. PACA imposes, by law, a trust upon the proceeds of commodities sold by a dealer. The beneficiaries of this trust are any supplier that shipped commodities to the dealer, has not been

paid for those commodities, and meets certain statutory requirements. Plaintiff alleges it supplied commodities to Santa Fe and did not receive payment for those commodities, and that it met the requisite statutory conditions. Plaintiff also alleges Santa Fe and Goldstein have unlawfully dissipated the trust imposed by PACA, to Plaintiff's detriment. Shortly after the complaint was filed, Santa Fe filed for bankruptcy. The question before the Court is whether, in light of that bankruptcy, the present action should proceed in bankruptcy court or this Court.

**Action as to Santa Fe**

Plaintiff maintains its claims against Santa Fe should not proceed in bankruptcy court because a PACA trust is not part of the bankruptcy estate. *See In re Southland + Keystone*, 132 B.R. 632, 637-38 (9th Cir. 1991). Therefore, according to Plaintiff, this case is entirely separate from the bankruptcy. Plaintiff's position finds some support in the case law, although the majority position is to the contrary. *Compare Southland*, 132 B.R. at 638 (bankruptcy court had core jurisdiction to determine whether any assets of debtor belonged to PACA trust), *with In re United Fruit & Vegetable, Inc.*, 191 B.R. 445, 452-53 (D.Kan.Bank. 1996) (bankruptcy court has neither core jurisdiction nor related-to jurisdiction over claims against PACA trust created by debtor). Under the particular facts of this case, however, as alleged by Plaintiff, the Court finds the bankruptcy court is the proper forum for the claims against Santa Fe.

There are two main differences between this case and *United Fruit*. First, in this case it is not clear whether there are any assets to form the PACA trust. Plaintiff has not simply filed an action to attempt to assert a claim to an identified bank account or other source of funds, as was the case in *United Fruit*. Plaintiff has also failed to identify any assets that may have been purchased with funds diverted from the PACA trust. In fact, Plaintiff has specifically alleged there

2

may be no PACA trust left, because Defendants unlawfully dissipated the assets of the trust. Therefore, this case is not a straightforward matter of determining competing claims to an identified PACA trust fund. Instead, the court addressing Plaintiff's claims must determine whether any of Santa Fe's assets should actually be considered a part of a PACA trust rather than a part of the bankruptcy estate. This is clearly a matter for the bankruptcy court, rather than this Court. *See Southland*, 132 B.R. at 639 (bankruptcy court has jurisdiction to determine whether assets are property of a bankruptcy estate or not).

This case is also different from *United Fruit* in that, in addition to making a claim against any PACA trust that may still exist, Plaintiff has asserted that Defendants violated the PACA by dissipating the assets of the PACA trust. Again, this claim is not a mere attempt to sort out claims to an identified source of funds. Instead, it is an assertion of civil liability against Santa Fe, and a request for compensation for the damages caused by Santa Fe's actions. Thus, this aspect of the claim appears to be an unsecured, unliquidated claim against the bankruptcy debtor, Santa Fe. As such, it should properly be resolved in bankruptcy court. *See In re Bayly Corp.*, 163 F.3d 1205, 1211 (10th Cir. 1998) (all claims against the debtor, whether contingent or unliquidated, are dealt with in the bankruptcy case).[1] In any event, it is clear this Court may not proceed with the matter, as this claim (unlike a pure claim to share in an identified PACA trust) is subject to the automatic stay provisions of 11 U.S.C. Section 362.

---

[1]The Court has no knowledge as to whether Plaintiff has already filed a claim with the bankruptcy court, and expresses no opinion as to issues such as timeliness. It will be the bankruptcy court's prerogative to determine whether the procedural prerequisites have been met allowing consideration of Plaintiff's claim.

In sum, Plaintiff's claims against Santa Fe are of two types. One is a claim that a PACA trust consisting of some or all of Santa Fe's assets exists, and that the assets of that trust belong to Plaintiff (at least to the extent of Plaintiff's claim). The other is a claim that Santa Fe unlawfully dissipated the assets of the PACA trust, and that Santa Fe is therefore liable to Plaintiff. Both of these claims belong in bankruptcy court, which can determine: (1) whether any assets of the bankruptcy estate actually belong to the PACA trust, and should be left outside the estate; or (2) if there are no assets, or insufficient assets, in the PACA trust, whether Plaintiff has a valid claim against Santa Fe that might be fully or partially satisfied out of the bankruptcy estate.

**Action Against Goldstein**

Plaintiff has asked for severance of the action against Goldstein, which would allow the action to proceed in this Court. Goldstein is Santa Fe's president and a shareholder, and has not filed for personal bankruptcy. For that reason, Plaintiff requests this Court to sever the case against Goldstein from the case against Santa Fe. In the alternative, Plaintiff requests that the action be transferred to the bankruptcy court for resolution in that forum. Defendants oppose both requests, maintaining that as an officer and shareholder of the corporate defendant Goldstein is not personally liable for actions taken in the course of his employment. They also raise the specter of inconsistent judgments, or a judgment against Goldstein that would adversely affect Sant Fe without affording Santa Fe an opportunity to defend itself.

**Individual liability under PACA:** The first question to be answered is whether an individual may be held liable under PACA, even if the individual is an officer, shareholder, or employee of a corporation. Almost all courts addressing this issue have determined such individual liability is possible, depending on the circumstances of each case. *See, e.g., Sunkist*

4

*Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (listing cases); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 27 F.Supp.2d 723, 727 (N.D.Tex. 1998); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F.Supp. 209, 212 (E.D.N.Y. 1993); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346, 349-50 (S.D.N.Y. 1993). These cases are based on the general principle that an officer of a trustee corporation, who causes the corporation to commit a breach of trust, is personally liable to the beneficiaries of the trust. *Id.; see also In re Baird*, 114 B.R. 198, 204 (9th Cir. 1990) (pointing out general rule).

Only one published opinion, so far as the Court is aware, has rejected the concept of individual liability under PACA. *Farm-Wey Produce, Inc. v. Wayne L. Bowman Co., Inc.*, 973 F.Supp. 778, 783-85 (E.D.Tenn. 1997). The *Farm-Wey* opinion points out the huge risk facing shareholders and officers of a corporation acting as a commodities dealer, under a rule allowing personal liability. However, these practical problems are a result of Congress' creation of the PACA trust concept as well as the near-strict liability imposed for use of PACA trust moneys for purposes such as paying salaries and other operating expenses. The fact remains that the PACA trust, though a creature of statute, is a trust like any other, to which normal trust principles should apply. As discussed above, those normal principles include the rule that a corporate officer who causes the corporation to dissipate the assets of a trust is personally liable to the beneficiaries of the trust. Had Congress intended the rule to be different for PACA trusts than for other trusts, it could easily have included such language in the statute. For that reason, the Court will adopt the majority position and hold that Goldstein may be held personally liable to Plaintiff in this case, depending on the facts Plaintiff is able to prove.

5

One question remaining, concerning Goldstein's potential liability, is whether he is jointly liable with Santa Fe or only secondarily liable. A number of the cases establishing individual liability under PACA have stated, without discussion, that the individual is secondarily liable. In other words, the beneficiaries of the PACA trust must first attempt to satisfy their claims out of the assets of the corporate trustee, and then may turn to the corporate officer or shareholder who has been held personally liable for the breach of trust. *See, e.g., Sunkist; Golman-Hayden; Morris Okun.* Other courts have not specified whether the individual's liability is primary or secondary. *See Mid-Valley.* Since this case will be referred to the bankruptcy court, however, as discussed below, the Court need not decide the issue at this time. It is possible the issue will become moot, depending on the outcome of the proceedings in bankruptcy court.[2] To avoid making an unnecessary decision based on insufficient facts, the Court will not decide the secondary-primary liability issue at this time.

**Severance or Transfer:** As discussed above, the claims against Santa Fe must be heard in the bankruptcy court rather than this Court. Also, if the claims against Goldstein are severed and remain in this Court, there are two equally undesirable possible consequences. First, if Goldstein is only secondarily liable, the case against him would have to be stayed pending resolution of the bankruptcy proceedings. After distribution of the bankruptcy estate and resolution of the PACA trust issue, should there be amounts still owing to Plaintiff for which Goldstein might be personally liable, the case could then proceed. Second, if Goldstein is primarily liable and the case is not stayed, a determination of liability could result that would be

---

[2] For example, there may be sufficient assets in the PACA trust or the bankruptcy estate to satisfy Plaintiff's claims, in which case it will not be necessary for Plaintiff to pursue its claims against Goldstein.

6

binding on Santa Fe. *See* 7 U.S.C. § 499p (commodities dealer is liable for acts of its agents or officers, done within the scope of their employment or duties). For these reasons, as well as considerations of judicial economy, the Court is reluctant to sever the case against Goldstein from the claims against Santa Fe.

The alternative to severance is to refer the claims against Goldstein to the bankruptcy court, under 28 U.S.C. Section 157. The Court may only do so, of course, if the bankruptcy court would have jurisdiction over the claims. *Cf. In re Gardner*, 913 F.2d 1515, 1517 (10th Cir. 1990) (bankruptcy courts have only the jurisdiction granted by Congress). There are two types of proceedings over which bankruptcy courts have jurisdiction. The first type are core proceedings, which are proceedings that have no existence outside of bankruptcy. *Id.* at 1518. Plaintiff's claims against Goldstein are clearly not core proceedings, since they are independent of the bankruptcy.

The second type of bankruptcy jurisdiction is called related-to jurisdiction, and allows bankruptcy courts to hear cases related to the bankruptcy proceedings. The test for such jurisdiction is whether the outcome of the case could conceivably have an effect on the estate being administered in bankruptcy. *Id.* It appears the claims against Goldstein fall into this category. As discussed above, if Goldstein is found liable to Plaintiff, Santa Fe is also held responsible by statute for Goldstein's acts (assuming they were within the scope of his employment). In turn, the bankruptcy estate might be called upon to satisfy that responsibility. Thus, the outcome of the case against Goldstein "could conceivably" have an effect on Santa Fe's

7

bankruptcy estate.³ Therefore, the bankruptcy court has related-to jurisdiction over the claims against Goldstein, and the Court will refer those claims to the bankruptcy court for resolution.⁴

**ORDER**

Based on the foregoing, the Court holds the bankruptcy court is the proper forum to hear Plaintiff's claims regarding possible PACA trust assets, and Plaintiff's other claims against both Defendants. Therefore, the motion to sever the claims against Goldstein (Doc. 16) is hereby DENIED, and this case is referred to the bankruptcy court for further proceedings.

DATED August 19, 1999.

                                           _____
                                           BRUCE D. BLACK
                                           UNITED STATES DISTRICT JUDGE

---

³This possibility may be smaller if Goldstein's potential liability to Plaintiff is secondary, rather than primary, and if the case against Goldstein is not pursued until Santa Fe's assets have been exhausted. At this point, however, the future of the Santa Fe bankruptcy proceedings is unclear, and it appears the claims against Goldstein might affect the bankruptcy estate.

⁴The Court notes Plaintiff's complaint concerning inactivity in the bankruptcy court. However, as Defendants pointed out, it would appear to be Plaintiff's responsibility to initiate such activity, either with respect to the claimed PACA trust assets or any other claim Plaintiff wishes to prosecute in that court.

**Attorneys:**

**For Plaintiff**
Craig A. Stokes
Of counsel, Oppenheimer, Blend, Harrison & Tate, Inc.
711 Navarro, Sixth Floor
San Antonio, Texas 78205

Neil E. Weinbrenner
Neil E. Weinbrenner, P.A.
P.O. Drawer 1719
Las Cruces, New Mexico 88004

**For Defendant**
Joe M. Romero, Jr.
1905 Lomas Blvd. N.W.
Albuquerque, New Mexico 87104